IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Buck Hood,<br><br>              Plaintiff,<br><br>v.<br><br>Maricopa County Jails, et al.,<br><br>              Defendants. | No.  CV 15-01916-PHX-JJT (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE JOHN J. TUCHI:**

       This matter is before the undersigned on referral from the District Judge.  Because a magistrate judge cannot decide a "matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement," Rule 72(b)(1), Federal Rules of Civil Procedure, the undersigned recommends as follows.

       Plaintiff Randy Buck Hood filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 on September 24, 2015.  (Doc. 1.)  At the time of filing, Plaintiff was confined in the Maricopa County SO – Fourth Avenue Jail in Phoenix, Arizona.  On November 18, 2015, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 5), and on January 20, 2016, the Court ordered (Doc. 8) Defendant Puma to answer Count I of Plaintiff's First Amended Complaint.  The Court's Order at Doc. 8 was mailed to Plaintiff on January 20, 2016, and was returned as undeliverable on February 1, 2016, due to Plaintiff being "no longer in custody."  (Doc. 9.)

       Rule 83.3(d) of the Local Rules of Civil Procedure requires an unrepresented party who is incarcerated to file a notice of change of address within seven days after the

effective date of the change. LRCiv 83.3(d). The Court's Notice of Assignment (Doc. 4) warned Plaintiff that failure to file a Notice of Change of Address can result in dismissal of the action. Also, Plaintiff was informed in the instructions accompanying the form complaint that he must immediately inform the Clerk of Court of a change of address or face possible dismissal. To date, Plaintiff has not notified the Court of his current address.

A district court has authority under Fed. R. Civ. P. 41(b) to *sua sponte* dismiss a plaintiff's action for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (court has "inherent power" to dismiss *sua sponte* for lack of prosecution); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (a district court may dismiss an action for failure to comply with a local rule). Plaintiff has a general duty to prosecute this case. *Fid. Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is pro se Plaintiff's duty to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam).

The Court must weigh the following factors in determining whether Plaintiff's failure to prosecute warrants dismissal of the case: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser

sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

The first, second, and third factors favor dismissal in this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. An order directing Plaintiff to show cause why dismissal was not warranted or an order imposing sanctions "would only find itself taking a round trip tour through the United States mail." *Carey*, 856 F.2d at 1441. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives would be futile. *Id.* (noting that the court could not contact plaintiff to threaten him with some lesser sanction).

The Court finds that only one less drastic sanction is realistically available. Fed. R. Civ. P. 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." The Court finds that dismissal with prejudice would be unnecessarily harsh. Therefore, the Court recommends that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

**IT IS THEREFORE RECOMMENDED that** Plaintiff's Complaint (Doc. 1) and this action be **dismissed without prejudice** under Fed. R. Civ. P. 41(b).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

1        Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendations of the Magistrate Judge.

       Dated this 19th day of February, 2016.

                                        Honorable Deborah M. Fine
                                        United States Magistrate Judge